IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

CHARLES ABRAHAM SMITH, JR.                                        PLAINTIFF

v.                         Civil No. 2:23-CV-02061-PKH-MEF

DANIEL SHUE (Prosecuting Attorney,
Sebastian County),
BARRET MILAM (Prosecuting Attorney,
Sebastian County),
CITY OF FORT SMITH,
ARKANSAS/GREENWOOD DISTRICT, and
RITA WATKINS (Public Defender)                                    DEFENDANTS

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

This is a civil rights action filed under 42 U.S.C. § 1983. Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3), the Honorable P. K. Holmes, III, Senior United States District Judge, referred this case to the undersigned for the purpose of making a Report and Recommendation.

The case is before the Court for preservice screening pursuant to 28 U.S.C. § 1915A.[1] Under § 1915A, the Court is required to screen any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a).

**I.      BACKGROUND**

Plaintiff, Charles Abraham Smith, Jr. ("Smith"), proceeds *pro se* and *in forma pauperis*. Smith filed his original Complaint on May 5, 2023. (ECF No. 1). An Order granting Smith's motion for leave to proceed *in forma pauperis* ("IFP") was entered that same day. (ECF No. 3). Due to deficiencies with the Complaint, the Court entered an Order on May 8, 2023, directing Smith to file an Amended Complaint. (ECF No. 6). He did so on May 15, 2023. (ECF No. 7).

---

[1] Enacted as part of the Prison Litigation Reform Act ("PLRA").

1

In his Amended Complaint, Smith alleges that on March 2, 2022, the Defendants violated his federal and state constitutional rights concerning his plea in a state criminal case. (ECF No. 7). He also alleges they placed "fake cocaine charges" on him. (*Id*. at 6, 9). He does not identify the specific state court case in question, but research by the Court indicates there are three cases: *State v. Charles Abraham Smith, Jr*., 66FCR-22-231, 66FCR-22-230, and 66FCR-21-735.[2] State court records show that in Case No. 66FCR-231, Smith pleaded guilty on July 11, 2022, to Terroristic Threatening – 1st Degree and Possession with Purpose to Deliver a Controlled Substance (Schedule VI), as a Habitual Offender, and he was sentenced to 180 months and 360 months, respectively, in the Arkansas Division of Correction.[3] Smith also pleaded guilty on July 11, 2022, in Case No. 66FCR-230, to Attempted Aggravated Robbery, as a Habitual Offender, and he was sentenced to 600 months in the Arkansas Division of Correction, plus an additional 120 months suspended imposition of sentence. In Case No. 66FCR-21-735, Smith pleaded guilty on July 11, 2022, to Possession of a Controlled Substance (Schedule I or II), as a Habitual Offender, and he was sentenced to 180 months in the Arkansas Division of Correction.

Smith proceeds against all Defendants in their individual and official capacities. (ECF No. 7 at 5-8). He seeks compensatory, punitive, and other relief. (*Id*. at 9). He asks for $50 million dollars. (*Id*.). He does not identify the other relief requested. (*Id*.).

II.     LEGAL STANDARD

Under § 1915A, the Court is obliged to screen the case prior to service of process being issued. The Court must dismiss a complaint, or any portion of it, if it contains claims that: (1) are

---

[2] Review of the exhibits attached to Plaintiff's original Complaint also reference 22FCR-22-231, 22FCR-22-230, and 66FCR-21-735. (ECF No. 1-1, p. 1). State court records indicate these cases are all closed.
[3] Case information available at Arkansas Court Connect (last accessed June 6, 2023).

2

frivolous, malicious, or fail to state a claim upon which relief may be granted, or (2) seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

A claim is frivolous if "it lacks an arguable basis either in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action is malicious when the allegations are known to be false, or it is undertaken for the purpose of harassing or disparaging the named defendants rather than to vindicate a cognizable right. *Spencer v. Rhodes*, 656 F. Supp. 458, 464 (E.D.N.C. 1987); *In re Tyler*, 839 F.2d 1290, 1293-94 (8th Cir. 1988). A claim fails to state a claim upon which relief may be granted if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

"In evaluating whether a *pro se* plaintiff has asserted sufficient facts to state a claim, we hold 'a *pro se* complaint, however inartfully pleaded ... to less stringent standards than formal pleadings drafted by lawyers.'" *Jackson v. Nixon*, 747 F.3d 537, 541 (8th Cir. 2014) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)). This means "that if the essence of an allegation is discernable, even though it is not pleaded with legal nicety, then the district court should construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Jackson*, 747 F.3d at 544 (cleaned up). However, the complaint must still allege specific facts sufficient to support a claim. *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

### III. ANALYSIS

Smith's claims are barred by the *Heck* doctrine. Additionally, Smith has brought claims against parties who are either immune from suit or not subject to suit under § 1983.

#### A. Plaintiff's Claims are Barred by the *Heck* Doctrine

Smith's claims are *Heck*-barred. Plaintiff may not use the civil rights statutes as a substitute for *habeas corpus* relief. *See e.g., Edwards v. Balisok*, 520 U.S. 641, 648 (1997); *Preiser v.*

3

*Rodriquez*, 411 U.S. 475, 500 (1973) (*habeas corpus* is the sole federal remedy for prisoners attacking the validity of their conviction or confinement). 28 U.S.C. § 2254 is the only means by which "a person in custody pursuant to the judgment of a State court" may raise challenges in federal court to the validity of his conviction or sentence or to the execution of his sentence. *Crouch v. Norris*, 251 F.3d 720, 723 (8th Cir. 2001); *Singleton v. Norris*, 319 F.3d 1018, 1023 (8th Cir. 2003). That Smith has brought and styled this action under § 1983 if no consequence for, as the Court noted in *Crouch*, "a person in custody pursuant to the judgment of a State court" can only obtain habeas relief through § 2254, *no matter how his pleadings are styled*. *Crouch*, 251 F.3d at 723 (citing *Felker v. Turpin*, 518 U.S. 651, 662 (1996) and *Walker v. O'Brien*, 216 F.3d 626, 633 (7th Cir.), *cert. denied,* 531 U.S. 1029 (2000)).

In *Heck v. Humphrey*, 512 U.S. 477, 114 S. Ct. 2364, 129 L. Ed. 2d 383 (1994), the Supreme Court held that a claim for damages for "allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid" is not cognizable until "the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Heck*, 512 U.S. 486-87. The Court noted, however, that if a successful claim would not demonstrate the invalidity of an outstanding criminal judgment, then it should be allowed to proceed.

Here, Smith pleaded guilty to several felony offenses, and he was sentenced to the Arkansas Division of Correction. He has not alleged that his convictions have been reversed, expunged, declared invalid, or called into question by a federal *habeas* case. His claims concerning his state cases are, therefore, clearly barred by the *Heck* doctrine.

### B. Prosecutors Shue and Milam

As prosecuting attorneys, Defendants Shue and Milam are immune from suit. A prosecutor is absolutely immune from suit for any conduct undertaken in his or her role as advocate for the state. *Imbler v. Pachtman*, 424 U.S. 409 (1976). Absolute prosecutorial immunity protects the prosecutor as a key participant in the criminal justice process, such that the prosecutor need not be inhibited from performing his or her functions by a constant fear of retaliation. *Id*. at 428. This is true no matter the underlying motive of the prosecutor or the propriety of the actions taken. *Myers v. Morris*, 810 F.2d. 1437, 1446 (8th Cir. 1987) (finding that allegations that a prosecutor proceeded with a prosecution based on an improper motive did not defeat absolute prosecutorial immunity); *Schenk v. Chavis*, 461 F.3d 1043, 1046 (8th Cir. 2006) ("Actions connected with initiation of prosecution, even if those actions are patently improper are immunized." (Internal quotation omitted).

### C. Public Defender Watkins

Defendant Watkins is identified by Smith as a public defender, who presumably represented him during his state criminal proceedings. She is not subject to suit under § 1983. A § 1983 complaint must allege that each defendant, acting under color of state law, deprived plaintiff of "rights, privileges or immunities secured by the Constitution and laws" of the United States. 42 U.S.C. § 1983; *see also DuBose v. Kelly*, 187 F.3d 999, 1002 (8th Cir. 1999). Defendant Watkins was not acting under the color of state law while representing Smith in his criminal proceedings. *Polk County v. Dodson*, 454 U.S. 312, 324 (1981) (neither public defenders nor privately retained defense counsel act under the color of state law when performing a lawyer's traditional functions as counsel to a defendant in criminal proceedings).

### IV. CONCLUSION

For the reasons discussed above, it is recommended that:

      1.      The case be dismissed pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted.

      2.      Plaintiff is warned that, in the future, this dismissal may be counted as a strike for purposes of 28 U.S.C. § 1915(g), and thus, the Clerk is directed to place a § 1915(g) strike flag on the case for future judicial consideration.  And,

      3.      The Court certify pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this dismissal would not be taken in good faith.

**The parties have fourteen (14) days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

      DATED this 6th day of June 2023.

      /s/ *Mark E. Ford*
      HON. MARK E. FORD
      UNITED STATES MAGISTRATE JUDGE